# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENNETT RICHARDSON,<br><br>    Plaintiff,<br><br>        v.<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS; DR. JOSEF ACKERMANN; DR. HUGO BANZINGER; ANTHONY DIIORIO; STEFFAN KRAUSE; HERMANN-JOSEF LAMBERTI; SAXON MORTGAGE SERVICES, INC.; DAVID DILL; VALERIE CLARK; LYNETTE ANDERSON; REGIONSBANK; C. DOWD RITTER; O.B. GRAYSON AHLL, JR.; DAVID B. EDMONDS; IRENE ESTEVES; G. TIMONTHY LANEY; DAVID H. RUPP; and WILLIAM C. WELLS, II,<br><br>    Defendants. | CIVIL ACTION NO. 3:08-CV-01857<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM ORDER**

Presently before the Court are three motions to dismiss Plaintiff's Complaint. On September 23, 2008, Plaintiff Bennett Richardson, proceeding *pro se*, filed a complaint in the Court of the Common Pleas of Monroe County, Forty-Third Judicial District, Commonwealth of Pennsylvania. (Doc. 2.) On October 8, 2008 all Defendants jointly removed this case to this Court based on the presence of federal question subject matter jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1.) On October 15, 2008, Defendants Dr. Josef Ackermann, Dr. Hugo Banzinger, Anthony DiIorio, Stefan Karause, Hermann-Josef Lamberti, David Dill, Valerie Clark, Lynette Anderson, C. Down Ritter, O.B. Grayson Hally Jr., David B. Edmonds, Irene Esteves, G. Timonthy Laney, David H. Rupp, and William C. Wells, II filed their Motion to Dismiss

Plaintiff's Complaint.  (Doc. 5.)  That same day, Defendants Deutsch Bank Trust Company Americas and Saxon Mortgage Services, Inc. filed their Motion to Dismiss Plaintiff's Complaint with an alternative Motion for a More Definite Statement and Memorandum in Support Thereof.  (Doc. 6.)  Finally, Defendant Region's Bank also filed a Motion to Dismiss with an alternative Motion for a More Definite Statement and Memorandum in Support Thereof on October 15, 2008.  (Doc. 7.)

Local Rule 7.6 requires that "[a]ny party opposing any motion shall file a responsive brief, together with any opposing affidavits, deposition transcripts or other documents, within fifteen (15) days after services of the movant's brief . . . . Any respondent who fails to comply with this rule shall be deemed not to oppose such motion."

Although the deadline for filing an opposing brief has passed, Plaintiff has neither filed a brief in opposition to the Defendants' motions, nor requested an extension of time in which to do so.  In *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991), the United States Court of Appeals for the Third Circuit held that a motion to dismiss should not simply be granted because it is unopposed.  Because the Local Rules of Court must be "construed and applied in a manner consistent with the Federal Rules of Civil Procedure," *Anchorage Assoc. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 174 (3d Cir. 1990), the disposition of an unopposed motion ordinarily requires a merits analysis.  However, the Third Circuit Court of Appeals did not preclude dismissal based upon an unopposed motion after adequate warning.  "We do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to dismissal without a merits analysis . . . Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked."  *Stackhouse*, 951 F.2d at 30.

Based on Plaintiff's failure to take any action in response to Defendants' motions, it would appear that Plaintiff may have abandoned interest in pursuing this matter. However, the Court will grant additional time for the Plaintiff to respond to the motion and direct them to respond within fifteen (15) days. If Plaintiff fails to oppose the motion or otherwise communicate with the Court within fifteen (15) days of the date of this Order, the Court will consider the motion to dismiss unopposed and grant dismissal without a merits analysis. Moreover, upon failure of Plaintiff to oppose the Defendant's motions, the Court may consider dismissing this case for failure to prosecute and failure to comply with a court order under FED. R. CIV. P. 41(b).

**NOW,** this 19th day of November, 2008, **IT IS HEREBY ORDERED THAT** Plaintiffs shall respond to Defendants' Motions to Dismiss (Docs. 5, 6, 7) within fifteen (15) days of the date of this Order. If Plaintiff fails to timely oppose these Motions or otherwise communicate with the Court, the Court will grant the unopposed Motions to Dismiss without a merits analysis, and the Court will also consider dismissing the case for failure to prosecute and failure to comply with a court order under FED. R. CIV. P. 41(b).

      /s/ A. Richard Caputo  
      A. Richard Caputo  
      United States District Judge