**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BENNETT RICHARDSON,<br><br>   Plaintiff,<br><br>   v.<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS; DR. JOSEF ACKERMANN; DR. HUGO BANZINGER; ANTHONY DIIORIO; STEFFAN KRAUSE; HERMANN-JOSEF LAMBERTI; SAXON MORTGAGE SERVICES, INC.; DAVID DILL; VALERIE CLARK; LYNETTE ANDERSON; REGIONSBANK; C. DOWD RITTER; O.B. GRAYSON HALL, JR.; DAVID B. EDMONDS; IRENE ESTEVES; G. TIMONTHY LANEY; DAVID H. RUPP; and WILLIAM C. WELLS, II,<br><br>   Defendants. | CIVIL ACTION NO. 3:08-CV-01857<br><br>(JUDGE CAPUTO) |

**MEMORANDUM**

Presently before the Court are motions to dismiss Plaintiff's Complaint filed by Defendants Dr. Josef Ackermann, Dr. Hugo Banzinger, Anthony DiIorio, Stefan Krause, Hermann-Josef Lamberti, David Dill, Valerie Clark, Lynette Anderson, C. Down Ritter, O.B. Grayson Hall Jr., David B. Edmonds, Irene Esteves, G. Timothy Laney, David H. Rupp, and William C. Wells, II (hereinafter "Individual Defendants"), (Doc. 5), Defendants Deutsche Bank Trust Company Americas ("Deutsche Bank") and Saxon Mortgage Services, Inc. ("Saxon"), (Doc. 6), and Defendant Regions Bank, (Doc. 7). For the reasons detailed below, Defendants' motions will be granted.

The Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1331 and 1332.

**BACKGROUND**

On March 3, 2004, Plaintiff Bennett Richardson executed a promissory note and obtained a mortgage loan from Defendant Regions Bank. (Compl., Doc. 2 at 2.) This promissory note and mortgage loan were subsequently assigned to Defendant Deutsche Bank Trust Company Americas and Saxon Mortgage Services. (Indiv. Defs.' Mot. to Dismiss, Doc. 5 ¶ 1.) On September 23, 2008, Plaintiff Bennett Richardson, proceeding *pro se*, filed a complaint in the Court of the Common Pleas of Monroe County, Forty-Third Judicial District, Commonwealth of Pennsylvania. (Doc. 2.)

In his complaint, the Plaintiff sought to have the court declare the March 3, 2004 mortgage null and void due to alleged fraud committed by the Defendants. (*Id.* at 8.) These allegations of fraud surround Defendant Regions Bank's July 12, 2004 assignment of Plaintiff's mortgage to Deutsche Bank and Saxon. According to Plaintiff, his signature on the March 3, 2004 promissory note paid for the associated property in full and gave Regions Bank full credit for the purchase fo the property. (*Id.* at 2.) The Plaintiff further claims that Regions Bank failed to disclose this information to him because Region's Bank desired to trade the promissory note for profit without sharing the proceeds to the Plaintiff. (*Id.*) Plaintiff states that this "fractional banking method deliberately steals proceeds from the true owners of the promissory note and the [Plaintiff's] promissory note should have returned after [Regions Bank] received full credit for the purchase of the property. (*Id.* at 2-3.) Plaintiff claims that, instead, his promissory note was taken, held, and solicited for profit by Regions Bank without Plaintiff's permission and without distribution of any proceeds to the Plaintiff. (*Id.* at 3.)

Plaintiff further avers that Saxon and Deutsche Bank committed securities fraud in

2

violation of 18 U.S.C. §§ 513 and 1962 because they are not in possession of the original promissory note bearing Plaintiff's original signature.  (*Id.* at 5) Plaintiff further states that, neither Saxon nor Deutsche Bank are holders in due course and, because they are not in possession fo the original promissory note, they lack standing or capacity as mortgagees under the mortgage assignment agreement.  (*Id.*)  According to Plaintiff the assignment of his mortgage, thus, constitutes fraud because Regions Bank, Saxon, and Deutsche Bank did not fully disclose their assignment agreement to the Plaintiff.  (*Id.*).

On October 8, 2008 all Defendants jointly removed this case to this Court based on the presence of federal question subject matter jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1.) On October 15, 2008, the Individual Defendants filed their Motion to Dismiss Plaintiff's Complaint.  (Doc. 5.)  That same day, Defendants Deutsche Bank and filed their Motion to Dismiss Plaintiff's Complaint with an alternative Motion for a More Definite Statement and Memorandum in Support Thereof. (Doc. 6.) Finally, Defendant Regions Bank also filed a Motion to Dismiss with an alternative Motion for a More Definite Statement and Memorandum in Support Thereof on October 15, 2008.  (Doc. 7.)  Plaintiff failed to timely respond to any of the three motions and, on November 19, 2008, this Court issued an Order notifying the Plaintiff that if he did not respond to Defendants' motions within fifteen (15) days of the Order, the Court would grant Defendants' motions to dismiss as unopposed.  On December 4, 2008, Plaintiff filed a Brief in Opposition (Doc. 27) to all three motions to dismiss.  Thus, Defendants' motions have been thoroughly briefed and are currently ripe for disposition.

3

**LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, Plaintiff has not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 1960, 167 L.Ed.2d 929 (2007), meaning, enough factual allegations "to raise a reasonable expectation that discovery will reveal evidence of" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring complaint to set forth information from which each element of a claim may be inferred).  In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam).  "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994).  The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss.  *Id.*  The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh*

*v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

The Court further notes that Plaintiff Richardson is appearing in this case in a *pro se* capacity, and the Court will afford his filings a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* filings to a less stringent standard than formal pleadings drafted by lawyers).

## DISCUSSION

**I.    Individual Defendants**

In his complaint, Plaintiff lists fifteen (15) individuals as Defendants. These Individual Defendants include five (5) corporate officers of Deutsche Bank, three (3) corporate officers of Saxon, and seven (7) corporate officers of Regions Bank. (Indiv. Defs.' Mot. to Dismiss, Doc 5 ¶¶ 3-5.) Aside from including the names of these Individual Defendants in the case caption, the Plaintiff does not mention any of these Defendants in his complaint, and does not allege any conduct that would validly raise actionable claims. Without any such allegations the Plaintiff fails to plead enough facts to state a claim to relief that is plausible upon its face, *see Twombly*, 550 U.S. 554, and does not supply the factual minimum needed

5

to raise a reasonable expectation that discovery will reveal evidence of the necessary elements required to support Plaintiff's claims, *see Phillips*, 515 F.3d at 234. Furthermore, since there is a complete absence of allegations against any of the Individual Defendants named in Plaintiff's complaint, the Court finds that this complaint is so undeveloped that it does not provide these Defendants the type of notice of claim which is contemplated by Rule 8. *See id.* at 232.

Thus, the Court finds that the Plaintiff has failed to satisfy the pleading requirements and could sufficiently dismiss Plaintiff's complaint against these Defendants for failure to state a claim. However, in their motion to dismiss, the Individual Defendants, as residents of Germany, the United Kingdom, Texas, and Alabama, argue that this Court does not have personal jurisdiction over these Defendants because Plaintiff's claims do not rise out of any action taken by the Individual Defendants to purposefully avail themselves of the privilege of conducting activities in Pennsylvania. Federal Rule of Civil Procedure 4(e) "authorizes personal jurisdiction over non-resident defendants to the extent permissible under the law of the state where the district court sits." *Mellon Bank PSFS, Nat'l Ass'n. V. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992) "The applicable Pennsylvania provision is 42 Pa. Cons. Stat. Ann. § 5322(b) (1981)" which "permits the courts of [Pennsylvania] to exercise personal jurisdiction over nonresident defendants to the constitutional limits of the due process clause of the fourteenth amendment." *Id*. (citing *North Penn Gas Co. v. Corning Natural Gas Corp.*, 897 F.2d 687, 689-90 (3d Cir. 1990); *Nissley v. JLG Indus., Inc.*, 306 Pa. Super. 557 (Pa. Super. 1982)). "Therefore, [this Court's] exercise of personal jurisdiction over these defendants [is] proper as long as it [does] not violate due process. *Id.*

In order to determine whether this Court can exercise personal jurisdiction over the

6

Individual Defendants within the bounds of constitutional due process, the Court must first consider if the Defendants have sufficient contact with the Commonwealth of Pennsylvania sufficient to support general personal jurisdiction.  "If a party is subject to the general jurisdiction of a state, that party can be called to answer any claim against her, regardless of whether the subject matter of the cause of action has any connection to forum."  *Mellon Bank*, 960 F.2d at 1221.  In order for general jurisdiction to exist, a nonresident defendant must maintain "continuous and systematic" contacts with the forum state.  *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984).  The Individual Defendants in the current case are citizens of Germany, the United Kingdom, Texas and Alabama, and they aver that the only contact they have with Pennsylvania is that corporations of which these Defendants are officers happened to enter into a mortgage loan relating to real property located within Pennsylvania.  Given this minimal contact with the forum state, the Court finds that it does not have general jurisdiction over the Individual Defendants because they could not reasonably foresee that they would be brought before courts in the Commonwealth of Pennsylvania.  *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) ("the foreseeability that is critical to due process analysis. . . is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there").

"In the absence of general jurisdiction, permissible *in personam* jurisdiction is dependent upon the concept of specific personal jurisdiction.  *Mellon Bank,* 960 F.2d at 1221.  The test for specific jurisdiction has three prongs:

> First, the defendant must have "purposefully directed its activities" at the forum. *Burger King [Corp., v. Rudzewicz]*, 471 U.S. [462,] 472 [(1985)].  Second, the litigation must "arise out of or relate to" at least one of those activities.

7

>*Helicopteros*, 466 U.S. at 414.  And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise "comports with 'fair play and substantial justice.'" *Burger King*, 471 U.S. at 476 (quoting *Int'l Shoe [Co., v. Washington]*, 326 U.S. [310], 320 [(1945)].

*O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007).  The Individual Defendants aver that they have had no contact with the Commonwealth of Pennsylvania in their individual capacities and certainly have not had the requisite contacts required for specific jurisdiction.  And, since the Plaintiff makes no allegations in his complaint that any of the Individual Defendants either availed themselves of the benefits and protections of the laws of Pennsylvania or personally conducted any activities within Pennsylvania, the Court finds that the Individual Defendants did not satisfy the requirements needed for this Court to possess specific jurisdiction.

"When the defendant mounts. . . a challenge [to personal jurisdiction], the plaintiff bear the burden of proving that the defendant's contacts with the forum are sufficient." *Bowers v. NETI Technologies, Inc.*, 690 F. Supp. 349, 355 (E.D. Pa. 1988).  In the present case, the Individual Defendants asserted such a challenge to this Court's personal jurisdiction in their October 15, 2008 motion to dismiss, and the Plaintiff was provided ample time to respond with proof that the Individual Defendants did have sufficient contact with Pennsylvania to provide the Court with personal jurisdiction.  However, the Plaintiff's December 4, 2008 Brief In Opposition to the Individual Defendant's motion makes no attempt to show these contacts.  Accordingly, the Court will grant the Individual Defendants' motion to dismiss for lack of personal jurisdiction over the parties.

**II.     Deutsche Bank & Saxon**

Plaintiff seeks a declaration that his mortgage loan should be held null and void.  In

support of this argument, the Plaintiff makes three factual allegations against Defendants Deutsche Bank and Saxon.  First, he avers that Regions Bank assigned his mortgage to Saxon Mortgage Services on July 12, 2004.  Second, he claims that neither Saxon, nor Deutsche Bank are in "*de facto*, *de jure* possession of the original promissory note bearing the original signature of the [Plaintiff], rising to a level of securities fraud in violation of 18 U.S.C. §§ 513 & 1962."  Finally Plaintiff states that "[t]he Defendant's [sic] did not fully disclose all of the foregoing [transfers] in any Contract or Agreement with the Plaintiff, therefore committing fraud."

Federal Rule of Civil Procedure 9(b) requires that "[i]n all averment of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other conditions of mind of a person may be averred generally." In accordance with this Rule, the Third Circuit has stated that "a plaintiff pleading fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which it is charged.'" *Frederico v. Home Depot*, 507 F.3d 188 (3d Cir. 2007)(quoting *Lum v. Bank of America*, 361 F. 3d 217, 223-224 (3d Cir. 2004)).  "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation."  *Id.*

Even if the Court gives an extremely liberal construction to Plaintiffs complaint in accordance with *Haines v. Kerner*, 404 U.S. at 520, the Court is unable to find even the smallest measure of substantiation or precision in Plaintiff's fraud allegation.  With the exception of the allegation that Regions Bank assigned Plaintiff's mortgage to Saxon on July 12, 2004, Plaintiff's allegations against Defendants Deutsche Bank and Saxon are

9

conclusive statements unsupported by any allegations of fact. Such statements are insufficient to proceed on a claim of fraud because, even though Plaintiff is appearing *pro se* he "must still plead the essential elements of his claim and is not excused from conforming to the standard rules of civil procedure." *Smith v. Social Security Administration*, 54 F. Supp. 2d 451, 454 (E.D. Penn. 1999). Since the Plaintiff's complaint fails to satisfy the standard rules of civil procedure, even when the complaint is afforded an exceedingly liberal construction, the Court will grant Defendants Deutsche Bank and Saxon's motion to dismiss.

### III.     Regions Bank

As previously discussed, Plaintiff seeks to obtain a declaration that his mortgage loan is null and void. In support of his attempt obtain this declaration, the Plaintiff alleges that Regions Bank withheld information from him in order to freely trade the Plaintiff's promissory note for profit without distributing proceeds to the Plaintiff. He further claims that Regions Bank created, loaned and charged the Plaintiff interest on "created credit", created this credit as a bookkeeping entry, used Fractional Reserve Banking Procedures wherein Regions created "money" out of nothing, and circulated a promissory note or other paper, as opposed to gold or silver coin as money. Like his claims against Deutsche Bank and Saxon, Plaintiff claims that this alleged behavior by Regions Bank constitutes fraud and entitles him to be released from the mortgage loan he entered with Regions Bank.

Once again, the Plaintiff's complaint, even when afforded an extremely liberal reading, fails to satisfy Federal Rule of Civil Procedure 9(b). As with the allegations Plaintiff attempts to bring against Deutsche Bank and Saxon, Plaintiff's allegations against Regions Bank are simply conclusive statements unsupported by any factual allegations. As such, Plaintiff cannot proceed on his claim of fraud, and the Court will grant Defendant Regions Bank's

motion to dismiss.

The Court also notes Defendants Regions Bank, Deutsche Bank, and Saxon Mortgage Service's' averment that the Plaintiff is currently in default on his mortgage and these Defendants' allegations that the Plaintiff has brought this lawsuit in an effort to prevent foreclosure or avoid his obligations under the promissory note. While the Defendants state that the Plaintiff's complaint is "nonsensical," they also allege that there is a theme underlying Plaintiff's claims. They allege that this theme has been used, unsuccessfully, by several individuals seeking to void their mortgages and avoid their duties under promissory notes. In particular, the Defendants call the Court's attention to *Demmler v. Bank One NA*, a case from the Southern District of Ohio. No. 2:05-CV-322, 2006 WL 640499 (S.D. Ohio Mar. 9, 2006). The district court in this case summed up the Plaintiff's argument:

> Plaintiff alleges that the promissory note he executed is the equivalent of "money" that he gave to the bank. He contends that [the bank] took his "money," *i.e.*, the promissory note, deposited it into its own account without his permission, listed it as an "asset" on its ledger entries, and then essentially lent his own money back to him. He contends that [the bank] did not actually have the funds available to lend to him, but instead "created" the money through its bookkeeping procedures. He further argues that because [the bank] was never at risk, and provided no consideration, the promissory note is void *ab initio* and Defendants' attempts to foreclose on the mortgage are therefore unlawful.

*Demmler*, 2006 WL 640499 at *3. This same, or similar, argument has been tried and consistently rejected in federal courts across the country, and like every court previously encountering this argument, the *Demmler* court found the complaint "utterly frivolous and lack[ing] and legal foundation." *Id.; see also Frances Kenny Family Trust v. World Savings Bank*, 2005 U.S. Dist. LEXIS 2403, No. C04-03724 WHA, 2005 WL 106792 (N.D.Cal. Jan. 19, 2005)(sanctioning plaintiffs and rejecting their "vapor money" theory); *Carrington v. Fannie Mae*, 2005 U.S. Dist. LEXIS 31605, No. 05-cv-73429-DT, 2005 WL 3216226, at *3

(E.D. Mich. Nov. 29, 2005)(finding "fundamentally absurd and obviously frivolous" plaintiff's claim that the lender unlawfully "created money" through its ledger entries); *United States v. Schiefen*, 926 F. Supp. 877, 880-81 (D.S.D. 1995)(rejecting arguments that there was insufficient consideration to secure the promissory note, and that lender had "created money" by means of a bookkeeping entry); *Thiel v. First Fed. Savings & Loan Ass'n of Marion*, 646 F. Supp. 592 (N.D. Ind. 1986)(rejecting claims that lender had violated RICO and the National Bank Act by issuing loan check in exchange for promissory note, and imposing sanctions on plaintiffs for bringing frivolous action); *Rene v. Citibank*, 32 F. Supp. 2d 539, 544-45 (E.D.N.Y. 1999)(rejecting claims that because lender did not have sufficient funds in its vault to make the loan, and merely "transferred some book entries," the lender had created illegal tender).

The argument forwarded in Plaintiff's complaint is substantially similar to and, in many places, exactly the same as the *Demmler* complaint and the complaints in the other cases. After extensively reviewing Plaintiff's complaint and the opinions of courts previously encountering the theme asserted here, this Court respectfully agrees with the *Demmler* court and other courts around the country, and finds the Plaintiff's complaint to be patently frivolous and a waste of judicial resources.

**CONCLUSION**

For the reasons discussed above, the motions to dismiss filed by Defendants Dr. Josef Ackermann, Dr. Hugo Banzinger, Anthony DiIorio, Stefan Krause, Hermann-Josef Lamberti, David Dill, Valerie Clark, Lynette Anderson, C. Down Ritter, O.B. Grayson Hall Jr., David B. Edmonds, Irene Esteves, G. Timothy Laney, David H. Rupp, and William C. Wells,

II, (Doc. 5), Defendants Deutsche Bank Trust Company Americas and Saxon Mortgage Services, Inc., (Doc. 6), and Defendant Regions Bank, (Doc. 7), will be granted.

An appropriate order follows.


| December 12, 2008 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BENNETT RICHARDSON,<br><br>    Plaintiff,<br><br>        v.<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS; DR. JOSEF ACKERMANN; DR. HUGO BANZINGER; ANTHONY DIIORIO; STEFFAN KRAUSE; HERMANN-JOSEF LAMBERTI; SAXON MORTGAGE SERVICES, INC.; DAVID DILL; VALERIE CLARK; LYNETTE ANDERSON; REGIONSBANK; C. DOWD RITTER; O.B. GRAYSON HALL, JR.; DAVID B. EDMONDS; IRENE ESTEVES; G. TIMONTHY LANEY; DAVID H. RUPP; and WILLIAM C. WELLS, II,<br><br>    Defendants. | CIVIL ACTION NO. 3:08-CV-01857<br><br>(JUDGE CAPUTO) |

## **ORDER**

**NOW**, this ___12th___ day of December, 2008, **IT IS HEREBY ORDERED** that:

1. Defendants Dr. Josef Ackermann, Dr. Hugo Banzinger, Anthony DiIorio, Stefan Krause, Hermann-Josef Lamberti, David Dill, Valerie Clark, Lynette Anderson, C. Down Ritter, O.B. Grayson Hall Jr., David B. Edmonds, Irene Esteves, G. Timothy Laney, David H. Rupp, and William C. Wells, II's Motion to Dismiss (Doc. 5) is **GRANTED.**

2. Defendants Deutsche Bank Trust Company Americas and Saxon Mortgage Services, Inc.'s Motion to Dismiss (Doc. 6) is **GRANTED.**

3. Defendant Regions Bank's Motion to Dismiss (Doc. 7) is **GRANTED.**

4. The Clerk of the Court is directed to mark this case **CLOSED.**


     /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

Case 3:08-cv-01857-ARC   Document 29   Filed 12/12/08   Page 15 of 15